## Richmond.

RIVERSIDE COTTON MILLS v. GREEN.

FEBRUARY 1, 1900.

1. MASTER AND SERVANT—*Safe Appliances—Ordinary Care.*—It is the duty of the master to use ordinary care—that is, such care as reasonable and prudent men use under like circumstances—in providing reasonably safe and suitable appliances and instrumentalities for the work to be done. He is not bound to use the newest and best appliances, nor is he an insurer of the safety of the servant. He is liable for the consequences, not of danger, but of negligence.

2. MASTER AND SERVANT—*Defective Machinery—Obvious Defects—Knowledge of Servant.*—A servant cannot recover of the master damages for an injury resulting from the use of defective machinery and appliances where the defect is open and obvious, well known to the servant, and he with such knowledge continues to use such machinery and appliances for a long period of time without notice to the master or objection of any kind.

Error to a judgment of the Corporation Court of the city of Danville, rendered January 21, 1899, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Peatross & Harris*, for the plaintiff in error.

*Withers & Green*, for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was instituted to recover damages for an injury alleged to have been received by the plaintiff while engaged as

an employee in the cotton mills of the defendant company. The declaration avers negligence in several particulars, but no attempt is made to sustain any allegation except that which charges the defendant with failure to furnish safe and suitable machinery. The plaintiff entered the employment of the defendant in April, 1897, and the injury complained of was received on the 7th of the following January. It appears that the duty of the plaintiff was to clean the dust and cotton off of the card machines; that while wiping off the dust and cotton from a door in the side of the casing covering one of the machines this door fell out, causing the plaintiff's hand to be thrust through the opening into the case, and caught and mutilated by the cylinder revolving therein. The contention is that the mode of fastening this door was defective and insecure, and that the defendant company was guilty of negligence in not providing a safer and more modern contrivance for keeping the door in its place.

The door in question does not work on hinges, and was not intended to do so. It is put into place by being slipped up and behind two outer lips or projections at the top of the opening, and held in place at the bottom by a cast-iron button three inches long that turns easily on a cast-iron bolt, or screw. One end of this button is longer and heavier than the other, so that by its own weight, when left alone, it takes a vertical position, the heavy end dropping downward, and the other extending above the lower edge of the door, thus fastening and holding it in place. The evidence shows that this button is a secure and certain fastening, and that when in position the door cannot be removed except by turning the button from a vertical to a horizontal position, and that this change of position cannot be accomplished except by some human agency, either accidental or designed.

The injury sustained by the plaintiff appears to have been the result of a pure accident, the record furnishing no explanation of its cause. The plaintiff contents himself by saying that

it was brought about through no fault of his, but from the lack of some other and better device for fastening the door in its place. The established rule is that the master must exercise ordinary care, that is, such care as reasonable and prudent men use under like circumstances, in providing reasonably safe and suitable appliances and instrumentalities for the work to be done. All the cases agree that the master is not bound to use the newest and best appliances. Absolute safety is not attainable, and employers are not insurers of their employees. They are liable for the consequences, not of danger, but of negligence. *Bertha Zinc Co.* v. *Martin,* 93 Va. 791.

In the case at bar, the defendant appears to have discharged its full duty to the plaintiff in the matter of furnishing reasonably safe appliances for the work to be done. It was not a question of whether the defendant's machine was as new as some other, or whether the door thereto was as securely fastened as it would have been if some other patent.had been used, but whether the appliances used were reasonably safe for the purposes for which they were employed. The evidence shows that the master did all in this regard that the strictest interpretation of the rule could require. That the appliances in question were reasonably safe, would seem to be clear from the fact that though the machines in question had been in use for a number of years, yet no accident like that now under consideration ever occurred before.

If, however, the fastening to the door was defective and unsafe, still the plaintiff could not recover, because the defect relied on was open and obvious, and as well known to the plaintiff as it could possibly have been to the defendant. It appears that the plaintiff had taken these doors off several times to clean cotton out of the cylinders, and had seen the grinder take them off repeatedly, to grind the cards. His duty required him to wipe off these doors, upon which the fastening was conspicuous, constantly during each day, and he says that he understood

how they were fastened during the entire time of his service, and yet he never once hinted or suggested to anyone that the fastening was defective or insecure, or that he objected to his work for that or any other reason. On the contrary, in about three weeks, when his hand had recovered, he returned to the same work, and continued in the employment of the defendant until the following December (1898), without any change having been made in the mode of fastening the door, and without suggesting that any such change was necessary.

To hold the defendant liable under the circumstances disclosed by this record would be to make the master, without fault on his part, an insurer of his employee against every accident that might occur during his employment.

In this view of the case it is unnecessary to consider the other assignments of error.

For these reasons the judgment complained of must be reversed, the verdict set aside, and a new trial awarded, to be had in accordance with the views expresed in this opinion.

*Reversed.*