Syllabus.

# Richmond.

## VIRGINIA AND NORTH CAROLINA WHEEL CO. v. CHALKLEY.

### FEBRUARY 1, 1900.

#### Absent, Harrison, J.

1. EVIDENCE—*Defective Machinery—Condition Subsequent to Injury—Negligence.*—In an action by a servant to recover damages for a personal injury resulting from alleged defects of machinery, evidence of repairs to the machinery after the injury is not admissible to show negligent failure to repair before the injury, but if the defendant offers evidence of good condition after the injury, the plaintiff may rebut it by evidence to disprove that fact, or may show subsequent repairs.

2. EVIDENCE—*Cross-Examination—Extent of.*—A witness may be asked on cross-examination any question touching his examination in chief which tends to test his accuracy, veracity, or credibility.

3. MASTER AND SERVANT—*Safe Machinery—Inspection—Repairs—Ignorance of Defects—Ordinary Care.*—While it is the duty of the master to use ordinary care to provide reasonably safe, sound, and suitable machinery for the use of his servant, and to examine and inspect the same from time to time, and to use ordinary care to discover and repair defects, still, unless he knows, or would have known if he had used ordinary care, that such machinery has become defective and unsafe, he is not liable for injuries resulting therefrom.

4. INSTRUCTIONS—*Conflict—Effect on Verdict.*—Where two instructions are inconsistent or conflicting with each other, the verdict will be set aside, as it is impossible to tell whether the jury was controlled by the one or the other.

5. VERDICT—*Conflicting Evidence.*—Where the evidence is conflicting it cannot be said that, upon the whole case, no other verdict could have been found than that which was found.

6. MASTER AND SERVANT—*Care for Servant—Permissive Work.*—A master owes the same degree of care to a servant working with his knowledge and consent as if he had directed him.

7. INSTRUCTIONS—*Double Contingency—Either a Complete Defence.*—An instruction which makes the right of the defendant to a verdict depend upon two events, either of which if proved would have entitled him to a verdict, is erroneous.

8. MASTER AND SERVANT—*Defective Machinery—Promise to Repair—Negligence.*—If a master promises to remedy a defect in machinery, or gives the servant reasonable ground to believe or infer that he will do so, the servant does not assume the risk of using it thereafter during such period of time as would be reasonably allowed to make such repairs, unless the danger is so palpable, immediate, and constant that no one but a reckless person would use it even after such promise or assurance.

Error to a judgment of the Law and Equity Court of the city of Richmond, rendered July 20, 1898, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*P. H. C. Cabell* and *Christian & Christian,* for the plaintiff in error.

*Allen & Allen* and *R. T. Thorpe,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This action was instituted by the defendant in error to recover damages for injuries received whilst operating a circular saw used by plaintiff in error for manufacturing wagon spokes. The ground of negligence charged in the first count was the failure of the company to furnish reasonably safe, sound, and suitable tools, appliances and machinery with which to do the work, stating in what particulars they were defective. In the second count, it was alleged that the company had negligently permitted certain tools, appliances and machinery to become and continue in a defective and unsafe condition.

The first assignment of error is to the introduction of evidence

showing what repairs had been made upon the alleged defective machine subsequent to the injury complained of.

The question whether such evidence is admissible to show that the former condition of the machine was unsafe, and that the defendant was negligent in so maintaining it, does not seem to have been passed upon by this court. There is some conflict in the cases on the subject, but it seems now to be settled by the great weight of authority, and upon the most convincing reasons, that such evidence is not competent. The rule, and the reasons for it, are clearly and strongly stated in the case of *Morse* v. *Min. & St. L. Ry.*, 30 Minn. 465, 468. In that case it was said: " But on mature reflection we have concluded that evidence of this kind ought not to be admitted under any circumstances, and that the rule heretofore adopted by this court is, on principle, wrong; not for the reasons given by some courts, that the acts of the employees in making such repairs are not admissible against their principles, but upon the broader ground that such acts afford no legitimate basis for construing such an act as an admission of previous neglect of duty. A person may have exercised all the care which the law required, and yet, in the light of his new experience, after an unexpected accident has occurred, and, as a measure of extreme caution, he may adopt additional safeguards. The more careful a person is, the more regard he has for the lives of others, the more likely he would be to adopt additional safeguards, and it would seem unjust that he could not do so without being liable to have such acts construed as an admission of prior negligence. We think such a rule puts an unfair interpretation upon human conduct, and virtually holds out an inducement for continued negligence." *Columbia R. Co.* v. *Hawthorne*, 144 U. S. 202; *Hart* v. *Lancashire & Yorkshore Ry.*, 21 Law Times (N. S.) 261; 1 Shear. & Red. on Neg. (5th ed.), sec. 60c.

The evidence was, however, admissible upon other grounds. The defendant company, for the purpose of showing that the

machine was in a reasonably safe condition when the accident occurred, introduced evidence tending to show that some time afterwards it was in good condition, and that no repairs had been made upon it during that period. The plaintiff clearly had the right in rebuttal to show that it had been repaired during that time; otherwise, the defendant would be permitted to prove facts to establish its defence which the plaintiff was denied the right of disproving.

The evidence was brought out upon the cross-examination of a witness who had testified in chief that the machinery was in the same condition when exhibited to the jury that it was when the plaintiff was injured. The latter had the right not only to show that this was not true, but, upon cross-examination, had the right to ask any question which tended to test the witness' accuracy, veracity or credibility, as the questions complained of clearly did. Stephens' Dig. Law of Ev., ch. 16, art. 129; 1 Greenleaf's Ev., sec. 446.

The second assignment of error is to the action of the court in the admission of evidence tending to show the condition of the machine ten or twelve days after the accident.

The defendant had offered evidence, as before stated, to show that the machine, although it had not been repaired, was in good condition some time after the accident. The plaintiff had the right, if he could, to disprove that fact, and the evidence objected to was plainly admissible for that purpose.

The third assignment of error is to the action of the court in refusing to give certain instructions and in giving others.

As we understood counsel for the wheel company, they conceded that in no view of the case under the evidence could the plaintiff be considered as a volunteer in the work he was doing when injured, and they therefore abandoned all objections to the court's action in giving and refusing instructions upon that point. The objections principally relied on are to instructions numbered 7, 8 and 12 given by the court.

The objection urged to Instruction No. 7 is that the jury were told that if they believed that the plaintiff's injury was caused by defects in the machinery and appliances about which he was engaged in working, then he was entitled to recover, unless he knew, or by the exercise of reasonable care might have known, of such defects and of the danger in working with the machinery and appliances in their then condition, or unless he was guilty of contributory negligence, without informing the jury that they must further believe, in order that the plaintiff should recover, that the wheel company knew, or ought to have known, of the defects which caused the injury. This objection is well taken. Whilst it is clearly the duty of the master to exercise ordinary care to provide, for the use of his servants, reasonably safe, sound and suitable machinery and appliances, and to examine and inspect such machinery and appliances from time to time, and to use ordinary care to discover and repair defects in the same, still, unless he knows, or would have known if he had used ordinary care, that the machinery or appliances which he has provided for the use of his servants have become defective and unsafe, he is not liable for injuries resulting therefrom. 1 Shear. & Red. on Neg., secs. 194 and 194a; *N. & W. Ry. Co.* v. *Ampey*, 93 Va. 108, 128-9; *W. & G. R. Co.* v. *McDade*, 135 U. S. 554 (34 L. C. P. Co. ed. 235).

The fact that another instruction may have correctly stated the law upon the subject does not cure the error. Where two instructions are inconsistent with or contradict each other, it is impossible to say whether the jury was controlled by the one or the other. *Richmond Traction Co.* v. *Hildebrand, ante* p. 22.

Neither can the contention be sustained, that the error under consideration should be disregarded because upon the whole case it is clear that no other verdict could properly have been found. The evidence is conflicting, and this court cannot say that the plaintiff in error was not prejudiced by the erroneous instruction. *Richmond Traction Co.* v. *Hildebrand, supra.*

Three objections are urged in the petition to Instruction No. 8. The first is that it places the same liability on the defendant, whether the plaintiff was ordered to operate the saw or was only permitted to do so. That objection is without merit. It was conceded in oral argument, as before stated, that under the facts of the case the plaintiff could not be considered a volunteer, but must be treated as a servant of the defendant. That being so, it owed him the same degree of care whilst running the saw with its knowledge and by its permission as if he had been ordered to run it, and for a failure to perform that duty was equally liable to him.

The second objection is that the instruction is erroneous because when the opportunities of knowing a danger, if any exists, are equal between employer and employee there can be no recovery by the employee. Conceding that this is a correct statement of the law, it has no application to this instruction, because the instruction is based upon the hypothesis that the defendant knew, or ought to have known, of the defects complained of, and that the plaintiff did not know, and by the use of ordinary care would not have known, of the danger arising from such defects. The plaintiff testified that he did not know of the danger resulting from the defects. Whether he did, or ought to have known of it, was a question for the jury, under all the circumstances of the case.

The third objection is that the instruction informed the jury that if they believed the facts hypothetically stated in the preceding part of the instruction they must find for the plaintiff, unless they further believed that the plaintiff was a volunteer, and that the accident was caused or contributed to by negligence on the part of the plaintiff, when either working as a volunteer, or guilty of contributory negligence, was sufficient to defeat his recovery.

This objection is well taken. It was error to instruct the

jury as to their duty in the event they believed the plaintiff was
a volunteer, because there was no evidence upon which to base
it, and because it made the defendant's right to a verdict depend
upon two events, when either, if proved, was sufficient to defeat
the plaintiff's recovery  But since it is conceded that the jury
could not have found that the plaintiff was a volunteer, it is diffi-
cult to see how the defendant could have been prejudiced by the
instruction.

The object of Instruction No. 12 was to inform the jury that,
if the plaintiff had complained to the defendant company of the
defects in the machinery, and it had promised to have them
remedied, and had failed to do so, and, in consequence thereof,
the plaintiff was injured, then defendant was liable, if they be-
lieved the plaintiff was not guilty of contributory negligence.

The evidence tended to show that on the day the plaintiff was
injured he asked the defendant company to repair the pulley,
one of the defective appliances complained of, and that he had
assurances that it would be repaired as soon as Clark, the sawyer,
had sharpened a saw, and that in about twenty minutes there-
after the injury occurred.   This was sufficient, we think, to
entitle the plaintiff to the instruction given.   Where the master
promises or gives the servant reasonable ground to infer or be-
lieve that the defect will be repaired, the servant does not
assume the risk of an injury caused thereby within such period
of time after the promise or assurance as would be reasonably
allowed for its performance, unless the danger is so palpable,
immediate, and constant (of which there is no evidence in this
case) that no one but a reckless person would expose himself to
it, even after receiving such promise or assurance. 1 Shear. &
Red. on Neg., sec. 215; *Northern Pac. R. Co.* v. *Babcock*, 154
U. S. 190; *Hough* v. *Texas R. Co.*, 100 U. S. 213.

It is unnecessary to pass upon the questions involved in the
other assignments of error, since they are not likely to arise upon

the next trial. For the erroneous action of the court in giving Instruction No. 8, the judgment complained of must be reversed, the verdict of the jury set aside, and a new trial awarded, to be had not in conflict with the views expressed in this opinion.

*Reversed.*