**Richmond.**

THE ATLANTIC & DANVILLE RAILWAY CO. V. WEST.

December 11, 1902.

1. MASTER AND SERVANT—*Railroads—Safe Place to Work—Hidden Defects.*—While it is the duty of a railroad company to use ordinary care to provide a reasonably safe place to its employees in which to perform their duties, it cannot be said that there was a lack of such ordinary care in this case, where a depot agent, whose duty it was to keep himself advised, and to report to the company, on the condition of the depot platform and grounds of the company, was injured by a defect in the platform which had been in daily use by himself and the public for several years, when there was nothing about its appearance to excite a suspicion of danger, and the defect was so obscure that it would not have been disclosed on the most careful inspection.

Error to a judgment of the Circuit Court of Norfolk county, rendered March 20, 1901, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Alfred P. Thom,* for the plaintiff in error.

*R. C. Marshall* and *C. W. Coleman,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

S. B. West was employed as station-master at Shoulder's

Hill, on the line of the Atlantic and Danville railway, and sustained an injury by a fall from a platform on the 20th of March, 1891, for which he brought suit, and upon a demurrer to the evidence the jury rendered a verdict in his favor for $750, for which the court gave him a judgment, and the case is before us upon a writ of error awarded upon the petition of the railway company.

West had been in the employment of the plaintiff in error as station-master at the place where he received his injury for about seven years. There was upon one side of the depot building the main line of the railroad. Upon the opposite side was a switch, and the building and the convergence of the switch and main line formed a small triangle, which was occupied by a platform about five and one-half feet in height. Eighteen months or two years before the accident a part of this platform had been cut off, leaving a passageway about two and one-half feet in width, supported by planks fastened to two sills, the ends of the planks furthest from the building projecting over the sills from three to six inches. At the time of the accident, West was passing along this passageway from one side of the building to the other in discharge of his duty, and, stepping upon the end of one of the planks, it tilted up, he fell to the ground, broke an arm, and strained one of his hips. The plank was about ten inches in width, and about two inches in thickness. There was nothing in the appearance of the platform to indicate that it was out of repair, or to give any warning of danger. In the plank there was one nail hole, and another hole into which it seemed there had been an effort to drive a nail which had not penetrated more than one and one-half inches; at least, it had not gone through the plank. The evidence is not satisfactory as to whether a nail had ever penetrated the sill so as to attach the plank to it, and a jury would perhaps have been warranted in finding, if that were essential

to their verdict, that it had not been nailed down at the time of its construction. The platform had been originally constructed some years before the accident. It had been remodelled and cut down about eighteen months or two years before the accident. During all that period it had been in constant use, and was apparently well constructed and in good repair.

It is the duty of the railroad company to exercise ordinary care to furnish a reasonably safe place to its employees in which to perform their duties. "It is a general rule of law of master and servant, repeatedly laid down by this court, that the master shall use ordinary care and diligence to provide reasonably safe and suitable machinery and appliances for the use of the servant, and the master will be held liable for an injury to the servant which results from the omission to exercise such care and diligence." *Southern Rwy. Co.* v. *Mauzy,* 98 Va. 696, 37 S. E. 285; *Bertha Zinc Co.* v. *Martin,* 93 Va. 791, 22 S. E. 869; *Robinson* v. *Dininny,* 96 Va. 41, 30 S. E. 442; and *Va. & N. C. Wheel Co.* v. *Chalkley,* 98 Va. 62, 34 S. E. 976.

During the years in which that platform had been in existence it had been in daily use, and had been walked upon in safety by perhaps thousands of people. One of the witnesses for the plaintiff says that he had crossed it more than one hundred times, and the plaintiff himself had perhaps crossed it more frequently than anyone else. Under such circumstances, we cannot say that ordinary care was not exercised in its construction to provide a reasonably safe place for those whose duties were to be performed in connection with it. It seems from the evidence, as we have already remarked, that there was nothing about the appearance of this platform at the point where the accident occurred to excite any suspicion of a lurking danger, but that it was a defect which would not have been disclosed to the most careful inspection, and any other conclusion upon this branch of the case would only have the effect

of involving the defendant in error in the imputation of contributory negligence, for, under the rules of the company, it was his duty to keep himself advised as to the depot, platform and grounds belonging to the company, and report upon their condition.

Upon the whole case, we are of opinion that there is error in the judgment of the Circuit Court for which it should be reversed.

*Reversed.*