# Richmond.

## Parlett v. Dunn.

### February 10, 1904.

Absent, Cardwell, J.

1. Evidence—*Matters Not Within Common Knowledge—Expert Testimony—Customary Methods—Individual Methods.*—Expert evidence is admissible to show the usual method of erecting and fastening a derrick so as to make it reasonably safe for the work to be done, as this is not a matter within common knowledge. The expert, however, must confine his opinions to the usual and customary manner of doing such work, and not give his own practice in doing similar work.

2. Master and Servant—*Safe Place—Risks Incident to Employment.*—A servant who seeks and accepts employment to work in a position that is obviously dangerous, and, with full knowledge of the danger, continues to work in that position without objection or complaint, assumes the risk.

3. Master and Servant—*Safe Appliances—Construction—Complicated Machinery—Unskilled Servant.*—It is the duty of the master to use ordinary care and diligence to provide for his servants reasonably safe and suitable appliances for the work to be done, and, while it is within the sphere of the servant rather than of the master to adjust and adapt the implement to the work in hand, according to its varying needs, the master's duty is not discharged by simply furnishing an unskilled servant with sound and suitable material for the construction or erection of an appliance which requires the exercise of such skill, judgment and knowledge of mechanical forces in order to render it safe and suitable for the work to be done as an unskilled servant could not be expected to have.

4. Master and Servant—*Safe Instrumentalities—Choice of Methods.*—A master who has used ordinary care in the choice of instrumen-

talities and methods of doing work is not to be adjudged negligent for not conforming to another method believed by some to be less perilous than the one adopted, as even the skilled and experienced will differ as to such matters.

5. ORDINARY CARE DEFINED.—Ordinary care depends upon the circumstances of the particular case, and is such care as persons of ordinary prudence, under all the circumstances, would and do exercise.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Hughes & Little,* for the plaintiff in error.

*Wolcott, Wolcott & Gage,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is an action by an employee to recover damages from his employer for personal injuries resulting from the alleged negligence of the latter in failing to provide for the plaintiff a reasonably safe place in which, and reasonably safe and suitable appliances or machinery with which, to work.

The defendant, C. R. Parlett, as general contractor, was building a warehouse in the city of Norfolk, upon which the plaintiff was working at the time of the accident.    Through the building, fifteen or sixteen feet apart, were upright pillars, upon which rested horizontal girders, 12 by 14 inches.    On these girders the floor joists were placed.    The joists were raised from the ground to the second and third stories by means of a hoisting apparatus known as an "A" or breast derrick.    It was 8 feet wide at the bottom, 12 inches wide at the top, and 26 feet high.    The bottom of it rested on second-story joists, or on timbers resting on, and

at right angles to, the joists on the edge of a wellhole, where the joists had not been placed, through which building material was to be raised. The derrick did not stand perpendicular, but inclined slightly toward the wellhole, and was held in position by two guy ropes, each fastened to the center of the top piece—one extending to the rear and the other to the front of the derrick, at right angles to it, and made fast. To the top of the derrick was attached a pulley, through or over which a rope came down in front of the derrick and over the wellhole, to which the building material was to be attached. The other end of the rope ran down to a pulley or snatch block attached to a pillar by a rope. From this pulley the rope extended back through another pulley to a hoisting engine in the rear and to the left of the derrick. From the ground to the bottom or foot of the derrick was about 17 feet, and the pitch or height of the second story was 12 feet.

The derrick had been placed in position on Monday prior to the injury on the following Friday, and used without accident during that period to raise the second-story joists, all of which had been laid, except those over the wellhole. At the time of the accident the joists for the third story were being raised, and Dunn and three other employees were engaged in guiding, receiving, and piling the joists as they were hauled to the third story. Their place of work, as the joists came up through the wellhole, was on the girders upon which the third-story joists were to be placed. Dunn and another employee were on the girder to the right, and McDonald, the foreman on that floor, and the other employee, were on the girder to the left, of the derrick, awaiting or looking out for a load of joists which was being hoisted. While in that position the derrick swung around or fell over towards Dunn, and struck and knocked him off the girder, causing him to fall upon the joists on the second story, and inflicting the injuries described in the declaration.

The cause of the accident, the plaintiff claims, was the negli-

gent and faulty construction of the hoisting apparatus, and the failure to provide him a safe place to work on the third story.

The evidence shows that there was no flooring or scaffolding on the third story around or along the girder where the plaintiff was working. It further shows that the plaintiff was employed, among other things, to work overhead in the building in raising joists, and that he held himself out, when employed, as having had experience in such work. The evidence further shows that the defendant furnished the material, including pulleys, guys, and ropes, for making the hoisting apparatus; that it was constructed at the building by McDonald, foreman, and that it was put in position by the employees of the defendant; that the defendant was engaged in other work, gave no personal attention to the construction of the building, but left it in charge of his head foreman, Johnson. The plaintiff introduced expert evidence to show that the hoisting apparatus was defective, in this: that it only had two guy ropes to hold it in position, when there should have been at least three, and that the pulley or snatch block near the ground floor ought to have been under the center of the derrick, and not at one side, as it was. The defendant introduced expert evidence tending to show that the hoisting apparatus was constructed, placed in position, and fastened in the usual and customary way.

The first error assigned is the action of the court in permitting the plaintiff to introduce expert evidence tending to show that the hoisting apparatus used in raising the joists was not properly guyed.

Where the facts from which negligence is to be inferred are within the range of ordinary human experience, the opinions of the men on the jury, in the eye of the law, is better than those of experts; but, where the injury involves questions of science or skill, expert evidence is admissible. The manner in which such a hoisting apparatus should be constructed, placed in position, and fastened so as to make it reasonably safe and suitable

for the work to be done, cannot be said to be within the range of
the experience of men not skilled in the use of such an appli-
ance. Expert evidence was therefore admissible to show the
usual method of putting up such an appliance, but some of the
answers of the witness seem to give his own practice in guying
an "A" derrick, rather than the usual or customary manner of
doing such work. Such evidence was not proper. *Richmond
Locomotive Works* v. *Ford,* 94 Va. 627, 27 S. E. 509.

The action of the court in giving certain instructions asked
for by the plaintiff, and the refusal to give certain others asked
for by the defendant, is assigned as error.

One of the instructions given for the plaintiff to which objec-
tion was made is as follows:

"No. 2. The court further instructs the jury that it was the
duty of the defendant to use all reasonable care to provide and
maintain for the plaintiff a safe place to work while in the
performance of his duties, and not to expose him to risks beyond
those incident to his employment, and such as were not in con-
templation at the time of the contract of service; and if the jury
believe from the evidence that the said defendant did not use
due and reasonable care to provide for the plaintiff a reasonably
safe place to stand on the third floor of the said building, where
he was required to be in order to help land materials elevated
to that floor, and that such failure was the cause of the injury to
the plaintiff, then, although they further believe from the evi-
dence that the plaintiff had knowledge of the dangers of the
place in which he was required to work on the said third floor of
said building, and still continued to work there, they must find
for the plaintiff, unless they believe that a person of ordinary
prudence, acting with such prudence, would, under all the cir-
cumstances, have refused to incur the risk, and unless they
believe from the evidence that the plaintiff was himself guilty of
any negligence which contributed to the injury."

It is the duty of the master to use ordinary care and dili-

gence to provide a reasonably safe place in which his servant is to work, considering the character of the work to be done, and for a failure to do so he is liable in damages for resulting injuries to the servant. The servant, however, assumes all the ordinary risks of the service in which he is engaged. He also, as a general rule, assumes all risks from causes which are known to him, or which should have been readily discovered by a person of his age and capacity in the exercise of ordinary care. *Bertha Zinc Co.* v. *Martin,* 93 Va. 791, 22 S. E. 869; *McDonald* v. *N. & W. R. Co.,* 95 Va. 98, 27 S. E. 821; *Robinson* v. *Dininny,* 96 Va. 41, 42, 30 S. E. 442; *N. & W. Ry. Co.* v. *Cromer,* 99 Va. 763, 40 S. E. 54.

The plaintiff, when employed, knew what kind of work he was to do, and claimed to have had experience in such work. He knew that there was neither floor nor scaffolding on either side of the girders where he and the other employees on that story were working. The danger was open and obvious. Having sought and accepted employment to work on the building, with full knowledge of the danger, and continued to work on the girder without complaint or objection, when he knew there was neither floor nor scaffolding to protect him from falling, he assumed the risk.

"Where a business," says Shearman & Redfield on Negligence (volume 1 [5th Ed.], sec. 185), "is obviously dangerous, and is conducted in a manner which is fully known to the servant at the outset, he assumes the risk of its conduct in that manner, although a safer method could have been adopted."

The instruction is based upon the theory that the defendant had exposed the plaintiff to risks beyond those incident to his employment, and such as were not in contemplation at the time of the contract of service. There is no evidence to sustain this theory, and the instruction should not have been given.

The action of the court in giving the plaintiff's instructions Nos. 1 and 3, and in refusing to give the defendant's instructions 1 and 3, is assigned as error.

The question raised by these instructions is whether it was the duty of the master to exercise ordinary care and diligence in furnishing a reasonably safe and suitable hoisting apparatus for raising the building material to the second and third stories of the warehouse, or whether the master had performed his duty when he furnished his employees sound and suitable material out of which to make the derrick, and with which to rig or set it up.

The rule is settled in this State by repeated decisions that it is the duty of the master to use ordinary care and diligence to provide for the use of his servants reasonably safe and suitable appliances for the work to be done. *N. & W. Ry. Co.* v. *Nuckols*, 91 Va. 193, 21 S. E. 342; *Bertha Zinc Co.* v. *Martin's Adm'r*, 93 Va. 791, 22 S. E. 869; *Richmond Locomotive Works* v. *Ford*, 94 Va. 627, 27 S. E. 509; *McDonald* v. *N. & W. Ry. Co.*, 95 Va. 98, 27 S. E. 821; *Robinson* v. *Dininny*, 96 Va. 41, 30 S. E. 442; *Riverside Cotton Mills* v. *Green*, 98 Va. 58, 34 S. E. 963; *Va. & Car. Wheel Co.* v. *Chalkley*, 98 Va. 62, 34 S. E. 976; *Southern Ry. Co.* v. *Mauzy*, 98 Va. 692, 37 S. E. 285; *N. & W. Ry. Co.* v. *Cromer*, 99 Va. 764, 40 S. E. 54.

The fact that the hoisting apparatus in this case was made up, when complete, of various parts, each of which was sound and suitable for the purpose for which it was intended, is relied on to bring it within the rule of law that the adjustment and adaptation of implements to the work in hand, according to its varying needs, belongs to the sphere of the servant, and not to the master. 1 Shear & Red. on Neg. (5th Ed.), sec. 195.

Whatever be the scope of that rule, it cannot, under our decisions, apply where the construction and setting up of the apparatus or machine, ready for use, require skill, judgment, and knowledge of mechanical forces, in order to render it safe and suitable for the work to be done by the servants. The hoisting apparatus in question was not a simple appliance to be moved from place to place about the building and easily adjusted, but

was an instrumentality constructed and put in position, according to the foreman's testimony, for the purpose of raising all the material for the building which required hoisting, and was operated by a steam engine, and, as appears from the evidence of the experts, requiring for its construction and setting up, ready for work, such skill, judgment, and knowledge of mechanical forces as the ordinary laborer or employee could not be expected to have.

The court below properly held, in giving and refusing the instructions under consideration, that, if the defendant failed to exercise ordinary care and caution in furnishing a hoisting apparatus reasonably safe, he was liable in damages for the injury done, if the plaintiff himself was free from fault. But while this rule of law is well settled, it is also true, as was said in the case of *N. & W. Ry. Co.* v. *Cromer, supra,* that even the skillful and experienced will frequently differ in their choice of instrumentalities and methods of doing work, and the master should not be adjudged negligent for not conforming to some other method, believed by some to be less perilous than the method adopted. Ordinary care depends upon the circumstances of the particular case, and is such care as persons of ordinary prudence, under all the circumstances, would and do exercise.

We are of opinion that the judgment should be reversed, the verdict set aside, and a new trial awarded, to be had not in conflict with the views expressed in this opinion.

*Reversed.*