Statement.

---

# Wytheville.

SOUTHERN RAILWAY COMPANY v. MOORE.

June 11, 1908.

Absent, Keith, P.

1. MASTER AND SERVANT—*Safe Appliances.*—It is the duty of the master to use ordinary care to provide and maintain reasonably safe appliances for his servant. The master is not an insurer of his serant, nor a guarantor of the safety of his appliances. He is liable for the consequences, not of danger, but of negligence.

2. NEGLIGENCE—*Proof of Accident.*—The mere happening of an accident, is, of itself, no evidence of negligence. There must be affirmative and preponderating proof of negligence, showing more than the mere probability of a negligent act, or else there can be no recovery.

3. MASTER AND SERVANT—*Safe Appliances—Inspection—Case at Bar.*—In the case at bar a brakeman was injured while trying to couple, with his hands, two freight cars equipped with automatic couplers. At that time one of the couplers was out of order in consequence of the absence of a small pin. It had been inspected three times within twenty-four hours before the accident. Twice it was found in good order, but on the third inspection the pin was missing and the inspector went immediately to get another pin to remedy the defect, and when he returned with the pin he found the brakeman between the cars performing with his hands the act which resulted in his injury. The brakeman knew that the coupler was out of order, and that the rules of the company forbade his attempting to couple with his hands.

*Held:* Waiving the question of contributory negligence on the part of the brakeman, there was no negligence on the part of the company, and it is not liable.

Error to a judgment of the Circuit Court of Orange county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Horsley, Kemp & Easley,* for the plaintiff in error.

*John W. Fishburne* and *W. E. Fowler,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by Edward Moore to recover damages of the Southern Railway Company for its alleged negligence in causing him serious injury.

At the time the injury complained of was sustained, the plaintiff was a brakeman in the service of the defendant company, engaged in the act of coupling two freight cars on the siding at Orange. There was a demurrer to the evidence by the defendant company, which was overruled by the circuit court, and judgment entered for the plaintiff. Thereupon this writ of error was awarded.

It appears that two freight cars, equipped with Janney automatic couplers were standing on the siding at Orange. With a Janney coupler, the locking or coupling pin is connected with a lever which projects from the side of the car. By manipulating this lever, the brakeman couples the cars without the danger of going between them. The connection between the lever and the coupling pin is effected by the use of a small pin. At the time of the accident, this small pin was missing, so that the lever could not be used in coupling the two cars. The defect was seen by the plaintiff. It is shown by the evidence for the plaintiff to have been a defect easily seen and easily repaired. When the plaintiff approached the cars for the purpose of effecting the coupling, with full knowledge that the coupler was out of order, he, in violation of the rules of the company, which were also known to him, went between the cars and undertook

to make the coupling with his hand, receiving, in doing so, the injury complained of.

The defendant company based its demurrer to the evidence upon the ground that there was no negligence on the part of the defendant which was the proximate cause of the injury.

The burden was upon the plaintiff to prove that the injury complained of was caused by the negligence of the defendant. If this burden is not sustained with satisfactory proof, there can be no recovery.

The negligence alleged is that the defendant company knowingly and negligently used on one of its cars a defective coupler. It was shown that the coupler in question was not in good working order, the defect consisting in the absence of a small pin which connected the lever, already mentioned, with the coupling pin. The uncontradicted evidence further shows that the car in question had been inspected by a competent inspector for the defendant company on the evening before the accident and again the next morning, and again just before the accident happened, about four o'clock in the afternoon. On the first two of these inspections, the small pin was not missing, and the coupling apparatus was in satisfactory condition. On the evening of the accident, when the third inspection was made, the small pin was missing. Upon this discovery, the inspector immediately went to procure another pin with which to remedy the defect, but when he returned with the pin he found the plaintiff between the cars performing with his hand the act which resulted in his injury.

The sole question is whether the plaintiff, upon these facts, has sustained the burden of proving actionable negligence on the part of the defendant.

The declaration does not charge negligence in employing incompetent fellow-servants, nor does it charge negligence in providing unsafe appliances. The only allegation of negligence is that the defendant allowed one of its appliances to become unsafe.

The master's duty to furnish and maintain safe appliances is not an absolute duty.  He cannot be held as a guarantor of the safety of his appliances.  His duty is merely to use ordinary care to provide and maintain reasonably safe appliances, and the failure of either the master or one of his servants, to whom the duty is delegated, to exercise this degree of care in performing such duty is actionable negligence.  *Bertha Zinc Co.* v. *Martin,* 93 Va. 791, 22 S. E. 869, 70 L. R. A. 999; *Riverside Cotton Mills* v. *Green,* 98 Va. 58, 34 S. E. 963.

In the latter case, it is said: "Absolute safety is not attainable, and employers are not insurers of their employees.  They are liable for the consequences, not of danger, but of negligence."

In the case at bar, the plaintiff has failed to prove any breach of the defendant's duty to use ordinary care to keep and maintain its cars and appliances in good order.  The mere happening of an accident is, of itself, no evidence of negligence.  There must be affirmative and preponderating proof of negligence, showing more than the mere probability of a negligent act.  · *N. & W. Ry. Co.* v. *Cromer,* 99 Va. 763, 40 S. E. 54; *N. & W. Ry. Co.* v. *Johnson,* 103 Va. 787, 50 S. E. 268.

The evidence in the case before us shows that the defendant had employed a competent inspector, whose duty it was to inspect cars at the place where the accident happened.  The car and coupler, in connection with which the plaintiff was injured, had been inspected three times within the twenty-four hours preceding the accident.  The first two inspections showed that the small pin was in place, and the coupler in good condition.  The third inspection, which was just before the accident, showed that the small pin was missing, having been, in some unexplained way, removed in the interval between the second and the last inspection.  The evidence further shows that, as soon as the defect was discovered, the inspector at once turned his attention to securing another pin with which to remedy the

defect. The plaintiff saw that the coupler was out of order, his own evidence showing that the defect was well-nigh as readily seen "as the draw-head on the box car." A reasonably prudent man could hardly have been expected to use greater care and watchfulness to keep appliances in order than was exercised by the defendant in this case to see that its appliances were in good repair. There is no evidence that the inspector was incompetent, or that he was negligent in the performance of his duties. The evidence wholly fails to show that by the exercise of reasonable care the defendant could have done more than it did to discover the defect or to remedy the same after it was discovered, or that the defendant failed in the discharge of any duty which proximately caused the injury complained of.

It is contended, with much reason, on behalf of the defendant company, that the plaintiff cannot recover because the injury of which he complains was solely the result of his own negligence. Having, however, reached the conclusion that no actionable negligence has been established on the part of the defendant company, it is unnecessary to consider the negligence of the plaintiff.

For these reasons, the judgment of the circuit court must be reversed, the demurrer to the evidence sustained, and judgment entered here in favor of the defendant company.

*Reversed.*