# Richmond.

Southern Railway Company v. Foster's Administrator.

January 12, 1911.

Absent, Cardwell, J.

1. Instructions—*Evidence to Support—Allegations Not Proved.*—Instructions are given to aid the jury to apply the law to the facts of the case on trial, and although the declaration may charge that the master was negligent in a given particular, yet if there is no proof to sustain that allegation the jury have no more right to consider it than if there had been no such charge. The jury should only be instructed on the case which the evidence tends to sustain.

2. Master and Servant—*Instrumentalities—Reasonably Safe—Care to Provide.*—It is the duty of the master to use ordinary care to provide, not safe and suitable appliances and instrumentalities, but *reasonably safe* and suitable appliances and instrumentalities for the use of his servant.

3. Instructions—*Aid to Jury—Inapplicability.*—Although an instruction may state the law correctly, it is error to give it if it will be of no aid to the jury in arriving at a correct verdict, or is not applicable to the facts of the case.

4. Master and Servant—*Assumption of Risk—How Far Abolished—Manner of Doing Business.*—Section 162 of the Constitution and section 1294k of the Code do away with the common law doctrine of the assumption of risk so far as it applies to knowledge "of the defective or unsafe character or condition of any machinery, ways, appliances or structures" on the part of a servant of a railroad company, but they do not change the common law rule of the assumption of risk as to the manner in which the master conducts his business. When a person enters the service of a railroad company he assumes all the ordinary and usual risks incident to the service (except those abolished by section 162 of the Constitution and section 1294k of the Code) including the risks incident to the manner in which he knows, or in the exercise of ordinary care ought to know, the defendant conducts its business.

5. INSTRUCTIONS—*Negligence—Ordinary Care—Excessive Care—Omitted Facts.*—If an instruction properly defines ordinary care and then tells the jury that if they believe that certain facts which the evidence tended to prove were esablished, the defendant had exercised ordinary care and they should find for it, it is error to amend it by adding that the acts set forth as constituting ordinary care must have been done *"with reasonable care under all the circumstances."* If the object of the addition of the words quoted was to tell the jury that although they believed that such conditions existed, and the defendant had acted in such a manner as, under the law, constituted ordinary care, yet in order to relieve itself of liability the jury must believe that those acts which constituted ordinary care were done carefully, then it imposed upon the defendant a higher degree of care than the law requires; and if the addition was made because the court was of opinion that all the facts which the evidence tended to prove and which were necessary to show that the defendant was not liable were not enumerated in the instruction, then the omitted facts necessary to relieve the defendant of liability should have been added instead of the general language quoted above. In either view the amendment was erroneous.

6. MASTER AND SERVANT—*Ordinary Care—Instructions.*—An instruction which tells the jury that switching cars in the way in which it is usually done by the defendant and other companies engaged in the same business is not ordinary care, unless the jury further believes that the defendant "used ordinary care in switching said cars," leave the jury without any guide to determine what constitutes ordinary care in switching cars, and is therefore erroneous.

7. NEGLIGENCE—*Test of Care*—No one is held in law to a higher degree of care than the average prudent man engaged in like business.

Error to a judgment of the Circuit Court of Pittsylvania county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*William Leigh,* for the plaintiff in error.

*B. H. Custer* and *Geo. T. Rison,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is an action to recover damages for the death of C. D. Foster, caused, as is alleged, by the negligent act of the Southern Railway Company, in whose service the decedent was employed as an extra brakeman at the time he received the injuries from which he died.

Several grounds of negligence are averred in the original and amended declarations, viz., that the car on which the plaintiff's decedent was riding at the time he was injured was equipped with insufficient brakes; that the brakes on the engine operating the car were insufficient; that the tracks at the station where the accident occurred were constructed and maintained at too steep a grade for the handling and switching of cars; that the conductor in charge of the train was negligent in ordering and permitting the car on which the decedent was riding to be cut loose from the engine and allowed to roll down the grade with defective brakes, and to come in contact with other cars standing on the siding; and that the engineman was negligent in cutting loose the car on which the decedent was riding, and in allowing it to drift or roll down the grade with defective brakes and come in contact with another or other cars standing on the siding.

There was a verdict and judgment for the plaintiff, to which this writ of error was awarded.

Upon the trial of the cause, the plaintiff offered eight instructions, numbered from 1 to 8, inclusive. Instruction No. 1 is objected to on the ground that it told the jury that it was the duty of the defendant to use ordinary care to furnish to the plaintiff's intestate a reasonably safe place in which to work, considering the nature and character of the work, when there was no evidence tending to show that the place in which the accident occurred was not reasonably safe.

While it is the clear duty of the master to exercise ordinary care to furnish his servant a reasonably safe place in

which to work, yet if there is no sufficient evidence upon which to base a verdict that he has not done so, as was the fact in this case, an instruction like that complained of ought not to be given. Instructions are given to aid the jury to apply the law to the facts of the case on trial. Although it may be charged in the declaration that the master was guilty of negligence in the performance of his duty in a given particular, yet if there be no proof to sustain that allegation, the jury have no more right to consider it than if there had been no such charge. The jury should only be instructed upon the case which the evidence tends to sustain. *Kinchcloc* v. *Tracewell,* 11 Gratt, 587; *Henry* v. *Skipwith,* 16 Gratt. 393; *Bartley* v. *McKinney,* 28 Gratt. 750; *Scott* v. *Boyd,* 101 Va. 28, 42 S. E. 918; *Seaboard, &c. Ry. Co.* v. *Hickey,* 102 Va. 394, 46 S. E. 392; *C. & O. Ry. Co.* v *Stock & Sons,* 104 Va. 97, 51 S. E. 151.

Instruction No. 2 was objected to and is erroneous in this, that it imposed a higher degree of care on the master than is imposed by law. It is his duty to exercise ordinary care to provide, not *safe and suitable appliances* and instrumentalities, but *reasonably* safe and suitable appliances and instrumentalities for the use of his servant. *A. & D. Ry Co.* v. *West,* 101 Va. 13, 42 S. E. 914; *Parlett* v. *Dunn,* 102 Va. 459, 465, and 46 S. E. 467, and cases cited.

Instruction No. 3 is as follows: "Actionable negligence is the omission to use that degree of care which the law requires under the circumstances of the particular case. The care required to prevent the infliction of injury is always proportioned to the probability that an injury will be done under the circumstances which are known to exist."

While the propositions of law announced in the instruction are correct, that stated in the first sentence could not have been of the slightest aid to the jury in reaching a correct verdict, and that contained in the last sentence was not applicable to the facts of the case. There was no evidence

tending to show that there was any probability that any injury would be done under the circumstances known to exist, or, from past experience, the defendant had any reasonable ground to suppose existed.

Instruction No. 4 will be considered in connection with instruction "E" offered by the defendant.

Instruction No. 5 correctly states the law, and we cannot say, as is insisted by the defendant, that it was not applicable to the facts of the case or tended to mislead the jury.

Instruction lettered "E," asked for by the defendant company, and which the court refused to give, was in the following language: "The court instructs the jury that an employee assumes the risks incident to the employer's known manner of having its business performed, and if the jury believe from the evidence that the injury to C. D. Foster, complained of in this action, was caused by the manner in which the car on which said C. D. Foster was riding was operated, at the time of the injury; that the manner of operating said car was the usual and ordinary manner in which cars under like circumstances were operated; that C. D. Foster knew, or should have known, of the manner of operating such cars and the danger attending the same, then the said C. D. Foster assumed the risk incident to the operation of said car on which he was injured and the jury must find for the defendant in this action."

While the Constitution, section 162, and section 1294k of the Code do away with the common law doctrine of the assumption of risk, so far as it applies to knowledge "of the defective or unsafe character or condition of any machinery, ways, appliances or structures," on the part of the servant of a railroad company, they do not change the common law rule of the assumption of risk as to the manner in which the master conducts his business. When the plaintiff's decedent entered into the service of the defendant company, he assumed all the ordinary and usual risks incident to the service (except those abolished by section 162 of the Con-

stitution and section 1294k of the Code) including the risks incident to the manner in which he knew, or in the exercise of ordinary care ought to have known, the defendant conducted its business. *Moore Lime Co.* v. *Richardson*, 95 Va. 326, 28 S. E. 334, 64 Am. St. Rep. 785; *Big Stone Gap Iron Co.* v. *Ketron*, 102 Va. 23, 45 S. E. 740, 102 Am. St. Rep. 839; *Parlett* v. *Dunn*, *supra*, and cases cited.

The plaintiff's counsel does not controvert this in his brief, but insists that the instructions given, especially instructions lettered "D" and "F," fully covered the case.

Instruction No. 4, given upon the motion of the plaintiff, told the jury that "when a person enters the employ of a railroad company as brakesman, he only assumes the ordinary and usual risks that are incident to such employment."

The defect in that instruction as applied to the facts of this case is that it seemed to, if it did not actually, exclude the additional risk, if any, incident to the known manner in which the defendant conducted its business.

None of the other instructions given was upon the question of assumed risk. Instructions "D" and "F" not only were not upon that question, but as amended and given by the court were erroneous.

Instruction "D," as given, was as follows: "The court instructs the jury that ordinary care is such care as reasonably prudent men exercise in the conduct of a like business, and if they believe from the evidence that the tracks of the defendant company were not of steeper grade than the tracks of said company, and of other railroad companies, at other places where switching was done; that the brake on the car on which C. D. Foster was riding was in good order and the kind of brake in ordinary use by said company, and other companies, on cars of like character, and that the car was being handled in the way usual to said company and other railway companies *and with reasonable care under all circumstances*, then the jury must find for the defendant in this action."

The italicized words in the instruction were added by the court. As offered by the defendant company, it told the jury what constituted ordinary care, and then instructed them that if they believed that certain facts which there was evidence tending to prove were established, the defendant company had exercised ordinary care and they must find for it. It is not clear what was intended by the words added by the court. Whether, as insisted by the defendant company, they were added to tell the jury that although they believed that such conditions existed and the defendant had acted in such a manner as, under the law, constituted ordinary care, yet in order to relieve itself of liability the jury must believe that those acts which constituted ordinary care were done carefully, thus imposing a higher degree of care than the law requires; or whether they were added because the court was of opinion that all the facts which the evidence tended to prove, and which were necessary to show that the defendant was not liable, were not enumerated in the instruction, we cannot say. In either view the amendment was erroneous. If the former, it imposed a higher degree of care upon the defendant than the law did. If the latter, the omitted fact or facts necessary to relieve the defendant of liability should have been added instead of the general language used by the court. As given, whatever may have been the intention of the court in making the amendment, the instruction was erroneous.

Instruction "F," as given, is as follows: "The court instructs the jury that ordinary or reasonable care is such care as other reasonably prudent companies or persons use in the conduct of like business; that it was the duty of the defendant, the railway company, to use reasonable care, as above set out, in conducting its business, but it was not its duty to adopt a mode of conducting its business different from its usual custom, because some one may think such mode a safer way of conducting it. And if the jury believe from the evi-

dence that the railway company was switching its cars at Motleys Station, at the time that C. D. Foster was injured, in the usual way adopted by it and other companies engaged in like business, *and used ordinary care in switching said cars,* then the said railway company was guilty of no negligence in so switching its cars, and it can not be held liable therefor in this action."

The words italicized were added by the court. The instruction, as asked for by the defendant, told the jury that ordinary care was such care as reasonably prudent companies or persons use in conducting their business, and that if they believed that the defendant was switching its cars when the plaintiff's decedent was injured, in the usual way adopted by it and other companies engaged in like business, then the defendant was not guilty of negligence in switching its cars in that manner. As offered, the instruction correctly stated the law. No one is held in law to a higher degree of care than the average prudent man engaged in like business. *Bertha Zinc Co.* v. *Martin,* 93 Va. 791, 22 S. E. 869, 70 L. R. A. 999; *N. & P. Traction Co.* v. *Ellington's Admr.,* 108 Va. 245, 250, 61 S. E. 779, 17 L. R. A. (N. S.) 117, and cases cited. The instruction, as amended and given, said in effect to the jury, that switching cars in the way in which it is usually done by the defendant and other companies engaged in the same business was not ordinary care, unless the jury further believed that the defendant "used ordinary care in switching said cars," thus leaving the jury without a guide to determine what constitutes ordinary care in switching cars.

As the case will have to be remanded for a new trial, it will serve no good purpose to consider the assignment of error that the verdict is contrary to the evidence.

The judgment complained of must be reversed, the verdict of the jury set aside and the cause remanded for a new trial to be had not in conflict with the views expressed in this opinion.                                    *Reversed.*