# CHARLESTON.

## RICHARDSON v. UNITED STATES COAL & OIL CO.

Submitted September 8, 1909. Decided March 7, 1911.

MASTER AND SERVANT—*Injuries to Servant—Safe Appliances.*

The master is liable in damages to the servant for an injury caused by the neglect of the duty of the master to use ordinary care and diligence in providing and maintaining reasonably

safe and suitable appliances for the work to be done, whenever the servant himself is free from fault.

(Brannon, Judge, absent.)

Error to Circuit Court, Logan County.

Action by George Richardson against the United States Coal & Oil Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*C. H. Hudson,* for plaintiff in error.

*Ellison & England,* for defendant in error.

Robinson, Judge:

Plaintiff received an injury in the employment of the defendant. His leg was broken by the falling of a derrick used in the construction of a coal tipple. He was assisting in the building of the tipple, mortising plates to the timbers on the top thereof, when the derrick fell and drew with it one of the wire guy lines by which it was supported, so that his leg was caught between the wire and timbers and was thereby broken. The fastening of one of the other guy lines gave way, and this failure of support caused the derrick to fall under a heavy load it was hoisting. The fastening that gave way was called a "dead man." It was a length of timber staked in the ground, around which the guy line was tied. This "dead man" was an insecure fastening or support for the derrick; or at least, it had become such because of an excavation in the earth which the defendant directed and permitted within a few inches of it. Plaintiff, alleging a failure of the defendant to provide him a safe place in which to work, and a failure of the defendant to provide safe and suitable appliances by which the work was to be prosecuted, brought this suit for damages and recovered, by the verdict of a jury, a judgment against defendant.for fifteen hundred dollars on account of the injury sustained. Defendant by writ of error seeks a reversal.

None of the assignments of error are well taken. The declaration is fully sufficient and the demurrer thereto was properly overruled. The case is indeed controlled by a simple and fundamental proposition of law: "It is the duty of the master

to provide a suitable place in which, and suitable appliances with which, the employe, being himself in the exercise of due care, can perform his duty without being exposed to unnecessary dangers; that is, to dangers which do not of necessity attend the exercise of the employment." Buswell on Personal Injuries, section 192. For a neglect of this duty the master may always be held liable to one injured by reason of that neglect. In this case the evidence clearly shows a neglect of the duty. There is really no conflict on the point. And no contributory negligence, on the part of the plaintiff is etablished. The jury were plainly warranted in finding that the defendant failed to exercise ordinary care and caution in furnishing a reasonably safe derrick and that this failure alone caused the injury to the plaintiff.

The argument that the defective fastening of the derrick was the work of fellow servants of the plaintiff, and that, therefore, the master is not liable, is by no means tenable. It was the duty of the master to keep reasonably safe and secure a contrivance like this derrick. *Richards* v. *Iron Works,* 56 W. Va. 510; *Partlet* v. *Dunn,* 102 Va. 459. The evidence shows that the derick was erected by the master and for the convenience and promotion of its work. It was the duty of the master to keep it in reasonable repair, and to forbid the excavation of earth so near it as to make it insecure.

Nor is it true that the plaintiff was at fault because he did not examine and see to the fastenings of the guy lines before he worked near the derrick. He had a right to rely on the duty of the master to keep them reasonably safe. It would be unreasonable to impose on him the performance of a frequent inspection of these fastenings located at some distance from his work. He is only chargeable with ordinary care to protect himself. When he does know or when it is reasonable that he should know of a defect or danger he must avoid it. But otherwise he is not chargeable. The mere fact that the plaintiff knew of some excavation in the direction of the "dead man" does not convict him of contributory negligence in working near the derrick. He could rely on the duty of the master to refrain from excavating so near the "dead man" as to endanger him, unless he actually knew that such dangerous excavation had

been made. It is not proved that he knew of the excavation having been made so near as to render the "dead·man" unsafe.

The instructions asked by the defendant were not proper in a true view of the case, and they were rightly excluded.

There is no error in the judgment; it will be affirmed.

*Affirmed.*