𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫.

JEWELL RIDGE COAL CORPORATION V. KEEN.

September 19, 1918.

Absent, Burks, J.

1. MASTER AND SERVANT—*Declaration.*—In an action by a servant
against his master for personal injuries, where the negligence
of the defendant is sufficiently alleged in the declaration, and
the general charge of negligence is followed by the averment,
"and without any fault on the part of the plaintiff," the decla-
ration is sufficient.   The question, whether plaintiff was guilty
of any such negligence, whether common law or statutory, as
would preclude a recovery was matter not of averment, but of
defense.

2. MASTER AND SERVANT—*Mines and Minerals—Acts 1912, section
13, page 427—Case at Bar.*—Acts of 1912, section 13, page 427,
provide that it shall be the duty of each miner to properly prop
and secure his place so as to make it secure for him to work
therein.   In the case at bar, as soon as plaintiff was apprised
of the fact that a dangerous condition had arisen at his place
of work, in obedience to a positive rule of the defendant, he
immediately ceased work, vacated the working place and re-
ported the facts to the mine foreman.   That official, upon in-
spection, determined that the situation did not call for the use
of props, but that the loose slate and rock should be taken
down, and ordered accordingly.

   *Held:* That section 13 of the mining act did not apply to the
case, because the threatened danger was not such as to call
for the use of props.

3. FELLOW SERVANTS—*Mine Law—Acts 1912, chapter 178, section 29.*
—After plaintiff, a miner, had notified his foreman that his
place of work was unsafe, the foreman directed the slate men
to take down the loose slate or rock at plaintiff's place of work.
Section 29, chapter 178, Acts of 1912, declares, that in dis-
charging the duties required by the act, "the mine foreman,
boss or fire boss, and their assistants shall be considered as
acting for the mine owner or operator as a vice-principal."

*Held*: That the slate men were not fellow servants of the plaintiff.

· 4. MASTER AND SERVANT—*Mines—Contributory Negligence—Case at Bar*.—In the instant case, plaintiff, a miner, was not guilty of contributory negligence in resuming work upon the promise of the mine foreman that he would have the place made safe, and the assurance of the slate men that the defects had been remedied.

Error to a judgment of the Circuit Court of Tazewell county in an action of trespass on the case. Judgment for · plaintiff. Defendant assigns error:

*Affirmed.*

The opinion states the case.

*Graham & Hawthorne,* for the plaintiff in error.

*Greever, Gillespie & Divine,* for the defendant in error.

WHITTLE, P., delivered the opinion of the court.

This action was brought by the defendant in error, W. H. Keen, against the plaintiff in error, the Jewell Ridge Coal Corporation, to recover damages for a personal injury received by him while in the employment of the plaintiff in error, as a miner engaged in mining coal in its mine. There was a verdict in favor of plaintiff, upon which the court entered the judgment under review. Viewed from the standpoint of a demurrer by defendant to plaintiff's evidence, the material facts are as follows:

The room in which plaintiff was injured was about forty feet wide, and the coal rested upon a seam or layer of "rash" or "fire clay" about six inches thick and six feet deep. On the second night prior to the injury, all the coal in the room that had been shot down had been "cleaned up" to the face of the coal, and the cutting machine men went into the room and undercut the coal in the usual manner. On the

following morning plaintiff put in shots above the cut and shot the coal down and began loading. After a few cars had been loaded, plaintiff's brother, John Keen, who was loading coal in another room, came into plaintiff's room to help him push a loaded car out to be picked up by the motor, and to push an empty car back to be loaded. John Keen, who was an experienced miner, noticed some "loose top" back of the cut from which plaintiff was then loading, to the danger of which he called plaintiff's attention, and "advised him to go out and have it taken down." Accordingly, plaintiff immediately sought the mine foreman and asked him "to go down and see the condition of his place." Upon examination the mine foreman told plaintiff "that he would have the slate in the face of the place, up next to the working place, taken down and made safe that day or evening after work." So that plaintiff, on being advised by his brother of the unsafe condition of the place where he was assigned to work, complied strictly with defendant's rule, which prescribes: "Should a dangerous condition arise" the miner "shall immediately cease work, vacate his working place and report the facts to the mine foreman." The next morning the slate men, acting under orders from the mine foreman, went into plaintiff's room to take down the loose slate or rock—their instructions and duty being "to go into a room or working place, or entry, or any place where the slate had become loose in order to take it down, * * * to take down what we thought was dangerous, and fix the place in working shape." After the slate men had finished their work and gathered up their tools, and indicated to him that the room was ready for him to proceed with his work and had left, plaintiff walked over to the coal where he had shot down the last cut, and put his right foot on the bench over which the cutter had passed, and was leaning forward picking up small pieces of slate from the top of the coal with his hands, when a piece of rock or slate fell

from the roof immediately behind him (from the same place where the slate men had removed some rock or slate) and struck his left leg above the ankle, inflicting the injury of which he complains.

The opposing theories of the case are dominating and permeate the pleadings and instructions. They are these:

On the part of the plaintiff in error, that under the mine law statute (Acts 1912, sec. 13, p. 427), "It shall be the duty of each miner to properly prop and secure his place in order to make the same secure for him to work therein, and no miner shall work in any working places unless he has props and timbers sufficient to make his place secure." That statute, it was contended, is applicable in the instant case and mandatory. Consequently, that the original and amended declarations, and some of the instructions, were faulty in failing to show a compliance with the statutory requirement, and also failed to take into account the fact that plaintiff and the slate men were fellow servants, and defendant was not responsible for their negligence.

Plaintiff, on the other hand, controverts both propositions, and the court correctly tried the case upon plaintiff's theory. The negligence of the defendant is sufficiently alleged in the declaration, and the general charge of negligence is followed by the averment, "and without any fault on the part of the plaintiff." The question, whether plaintiff was guilty of any such negligence, whether common law or statutory, as would preclude a recovery was matter, not of averment, but of defense. The objection to the declaration fails to distinguish between matter of averment and proof. *Kleff* v. *Va. Ry. & Power Co.*, 120 Va. 347, 91 S. E. 173.

But we are further of opinion that section 13 of the mining act does not apply to the case, because the threatened danger was not of such a character as to call for the use of props. That question was determined by the mine fore-

man who was charged with cognizance of such matters. As we have seen, as soon as plaintiff was apprised of the fact that a dangerous condition had arisen, in obedience to a positive rule of the defendant, he immediately ceased work, vacated the working place and reported the facts to the mine foreman. That official, upon inspection, determined that the situation did not call for the use of props, but that the loose slate and rock should be taken down, and ordered accordingly.

The second contention, that the slate men were fellow servants of plaintiff is answered by section 29 of the act, which declares, that in discharging the duties required by the act, "the mine foreman, boss or fire boss, and their assistants shall be considered as acting for the mine owner or operator as a vice-principal."

That plaintiff was not guilty of contributory negligence in resuming work upon the promise of the mine foreman that he would have the place made safe, and the assurance of the slate men that the defects had been remedied, is sustained by abundant authority. Labatt on Master and Servant, secs. 300, 440; *Berns* v. *Gaston Gas Coal Co.,* 27 W. Va. 285, 55 Am. Rep. 304; 9 Ency. Dig. Va. & W. Va. Rep. 699; *Wheel Co.* v. *Chalkley,* 98 Va. 62, 34 S. E. 976; *Riverside Mills Co.* v. *Carter,* 113 Va. 346, 74 S. E. 183.

The case, we think, was tried upon correct principles and fairly submitted to the jury on the law, and their verdict having been rendered for plaintiff upon conflicting evidence, the motion to set aside the verdict as contrary to the law and the evidence was rightly overruled.

We find no error in the judgment, and it must be affirmed.

*Affirmed.*