# Richmond.

STEARNES v. GOAD, CLERK.

January 27, 1911.

1. TAXATION—*Option Contract—Tax for Recording is Price Paid for Option.*—An option contract to purchase land is a mere right to purchase, and, prior to the election to purchase, the sum paid for the option is the consideration upon which the tax for its recordation is to be estimated, and not the consideration which the holder of the option is to pay for the land if he thereafter elects to consummate the purchase. This is the proper construction of section 13 of the act of March 17, 1910. Acts 1910, p. 488.

Original petition for a writ of mandamus.

*Awarded.*

*Scott, Buchanan & Cardwell*, for the petitioner.

*Samuel W. Williams, Attorney General*, for the respondent.

BY THE COURT:

The petitioner, O. L. Stearnes, prays for a mandamus to compel the clerk to record certain contracts upon the payment to him of the fee and tax prescribed by law.

The sole question is as to the amount of tax which should be paid for recording an option contract for the purchase of real estate.

The Lobdell Car Wheel Company, by contract dated May 12, 1910, for the consideration of $5.00, agreed to give to O. L. Stearnes an option to purchase a tract of land in Carroll county, Virginia, containing between 900 and 1,000 acres, at the price of $85,000, one-third cash and balance in one and

two years, provided, that O. L. Stearnes should give notice to the Lobdell Car Wheel Company of his election to purchase ·such property on or before the first day of April, 1911. Similar option contracts were made by Stearnes with respect to other tracts of land. Stearnes without having made an election to purchase the several tracts of land, and while his right was only of an option to purchase, but desiring to have his option contracts recorded in the clerk's office of the county of Carroll, presented his contracts to the clerk of said county, together with the fee of $1.25 required to be paid to the clerk, and fifty cents which he claimed to be the proper tax upon the option contract first mentioned, his contention being that the consideration of said contract was $5.00; but the clerk refused to receive and to record said contracts unless a tax was paid, to be estimated upon the consideration which was to be paid if the holder of the option should elect to consummate the purchase, which would amount upon the option obtained from the Lobdell Car Wheel Company to the sum of $86.50.

In reaching this conclusion, the clerk relies upon section 13 of the act of March 17, 1910 (Acts 1910, p. 488), which is as follows: "On every contract relating to real or personal property, except as hereinafter provided, which is admitted to record, the tax shall be fifty cents where the consideration or value contracted for is three hundred dollars or less; where the consideration or value contracted for is over three hundred dollars and does not exceed one thousand dollars, the tax shall be one dollar; where the consideration or value contracted for exceeds one thousand dollars, there shall be paid ten cents additional on every one hundred dollars or fraction thereof of consideration or value contracted for."

The option contract is a mere right to purchase, and it is the value of that right and not the value of the land which is the "consideration or value contracted for," within the meaning of the statute.

As was said by the Supreme Court of Iowa, *In Re Assess-*

*ment of Shields,* 134 Iowa, 559, 111 N. W. 963, 10 L. R. A. (N. S.), 1061, and note, "An option is not a contract to pay. It creates no enforceable indebtedness on the part of the person to whom it is granted. And this being true, there cannot arise out of such a contract a taxable credit within the meaning of the tax laws of the State."

We are of opinion that the sum paid for the option is the consideration upon which the tax for recordation is to be estimated; and that the writ of mandamus should issue as prayed for in the petition.

*Awarded.*