Statement.

# Richmond

## FIELDS v. THE VIRGINIAN RAILWAY CO.

March 13, 1913.

1. APPEAL AND ERROR—*Ruling on Instructions—Verdict Plainly Right.*
   It is unnecessary to consider the propriety of the action of the trial court in giving and refusing instructions when no other verdict than that which was found could have been sustained upon the evidence.

2. MASTER AND SERVANT—*Safe Place—Risks Assumed—Case at Bar.*—
   It is the duty of the master to use ordinary care and diligence to provide a reasonably safe place in which his servant is to work, considering the character of the work to be done, and for a failure so to do he is liable for resulting injuries to the servant. The servant, however, assumes all the ordinary risks of the service in which he is engaged. He also, as a general rule, assumes all risks from causes which are known to him, or which should be readily discovered by a person of his age and capacity in the exercise of ordinary care. The law does not make it the duty of a master to warn a servant of an open and obvious danger of which he knows, or could have known by the exercise of ordinary care. Such dangers are risks incident to the employment. In the case at bar, an excavation was being made in the usual and ordinary manner. The plaintiff was a man of mature years, of ordinary intelligence and capacity, and the risk was open and obvious, and was incident to the work as it was being done with full knowledge of the plaintiff, and hence was assumed by him.

Error to a judgment of the Circuit Court of Charlotte county in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Volney E. Howard* and *Carrington & Chermside,* for the plaintiff in error.

*H. T. Hall, G. A. Wingfield,* and *Watkins & Watkins,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is an action of trespass on the case in tort to recover for personal injuries suffered by the plaintiff in error, Pizarro Fields, whilst in the service of the defendant in error, The Virginian Railway Company.

It appears that the defendant company, at the time of the wrong complained of, was engaged in excavating an embankment near its track upon which to erect a station or depot. The work was being done by a gang of hands (the exact number is not shown), of which one Hurt was foreman. The said embankment was very slight near the railroad track, but increased in depth as the work proceeded until it was from eight to twelve feet deep where the plaintiff was injured. When the excavation was commenced, as the cutting was slight, the work was done by digging the dirt down with picks to be removed by shoveling into carts; but as the work progressed the embankment increased in depth until there was sufficient face to its slope to require or justify another method of excavation. That method was to cut into the base or bottom of the face of the embankment about two feet in depth under and along its whole front, and then make a trench along the top of the embankment about two feet from and parallel with the face of the embankment, then with a crowbar to make holes at intervals in the bottom of that trench its entire length, and afterwards, by the use of the crowbars, to prize down or break off the front of the embankment which had thus been cut under. Until the trench was completed and the holes had been made in the bottom of it, the employees at the base of the embankment continued to work. When everything was ready for prizing off the face of the embankment thus prepared for falling, warning was

given to the employees below so that they could get out of danger.

At the time the plaintiff was injured he and another employee were engaged in under-cutting the embankment at its base, as above described. Immediately prior to this the foreman, who had gone on top of the embankment, had called one of the employees and put him to work in cutting a trench about two feet from and along the face of the embankment. As this employee opened up that trench the foreman was making holes in the bottom of it, thus getting ready when the trench was completed and the holes were made to prize off the face of the embankment and throw the dirt down to be carried away in the carts. Before the trench had been completed or more than two or three holes had been made in the bottom of it, the face of the embankment, unexpectedly to all, gave away, carrying down the foreman and the employee at work in the trench. As soon as it was discovered that the earth was giving way and was going to fall, the foreman called out to the employees engaged in under-cutting and in shoveling into the carts to "get out of the way." All did so without injury except the plaintiff, upon whom the dirt from above fell, inflicting the injury complained of.

Upon the trial of the cause there was a verdict in favor of the defendant, upon which the court entered judgment. To that judgment this writ of error was awarded.

The errors assigned are based upon the action of the court in giving and refusing instructions. As the case made by the evidence appears to us, it is unnecessary to consider the propriety of the action of the court in giving and refusing instructions, since no other verdict than that which was found could have been sustained upon the evidence.

While the plaintiff had only been in the service of the defendant a day or two, he was a man of mature years and of ordinary intelligence and capacity. He knew how the

work in which he was engaged was being done, and that there was some risk in doing it in that manner. The risk was open and obvious and incident to the work as it was being done.

It is the duty of the master to use ordinary care and diligence to provide a reasonably safe place in which his servant is to work, considering the character of the work to be done, and for a failure to do so he is liable for resulting injuries to the servant. The servant, however, assumes all the ordinary risks of the service in which he is engaged. He also, as a general rule, assumes all risks from causes which are known to him or which should be readily discovered by a person of his age and capacity in the exercise of ordinary care. The law does not make it the duty of a master to warn a servant of an open and obvious danger of which he knows, or could have known by the exercise of ordinary care. Such dangers are risks incident to the employment. *Robinson* v. *Dininny,* 96 Va. 41, 42, 30 S. E. 442, and authorities cited; *Jacoby Co.* v. *Williams,* 110 Va. 55, 61-2, 65 S. E. 491; *American Locomotive Co.* v. *Whitlock,* 109 Va. 238, 63 S. E. 791; *Southern Ry. Co.* v. *Foster's Admr.,* 111 Va. 763, 767-8, 69 S. E. 972, and authorities cited; *Cabin Branch, &c. Co.* v. *Hutchinson's Admr.,* 112 Va. 37, 70 S. E. 480.

It is conceded (and if it were not it is clearly established by the uncontradicted evidence) that the manner in which the defendant was doing the work of excavation was the usual and ordinary method of doing such work. It further appears that the breaking away of the face of the embankment at the time it fell upon the plaintiff was wholly unexpected. The evidence does not show that the plaintiff's injury resulted from negligence on the part of the defendant.

The judgment complained of must be affirmed.

*Affirmed.*