## Richmond

### WOOD v. J. W. JEFFERIES & COMPANY.

January 12, 1915.

Absent, Keith, P.

1. PARTNERSHIP—*Dissolution—Notice to Former Customers—Knowledge of Dissolution.*—Upon the voluntary dissolution of a partnership, actual notice of the dissolution is necessary to former customers of the firm in order to avoid liability for future credits. Special notice, however, to each customer is not necessary. If actual knowledge of the dissolution is brought home to a party, he will be concluded, although no notice whatever may have been given.

2. APPEAL AND ERROR—*Instructions—Correct Verdict.*—Where the jury could not, even under proper instructions, have rightly found any other verdict than the one found, this court will not review the action of the trial court in granting or refusing instructions.

Error to a judgment of the Hustings Court, Part II, of the city of Richmond, in a proceeding by way of motion for a judgment for money. Judgment for the plaintiffs. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*J. M. Gregory,* for the plaintiff in error.

*J. M. Turner,* for the defendants in error.

WHITTLE, J., delivered the opinion of the court.

This is a writ of error to a judgment in behalf of the defendant in error against the plaintiff in error for $600,

25

with interest and protest fees, on five negotiable notes aggregating the above amount, made by the Manchester Wood & Coal Company, by R. G. Wood, Jr., to the plaintiff.

The origin of the transaction out of which the litigation arose is this: Prior to April 1, 1911, Mary H. Wood and R. G. Wood, Jr., were partners under the firm name of the Manchester Wood and Coal Company, located and doing business in South Richmond. Amongst its customers was the plaintiff, trading as J. W. Jefferies & Co., of the city of Richmond. On April 1, 1911, M. H. Wood and R. G. Wood, Jr., published notice, by two successive weekly insertions in the *News-Leader,* a daily newspaper in the city of Richmond, of the dissolution of the firm of the Manchester Wood and Coal Company by the retirement of M. H. Wood. The notice moreover announced that the business would be conducted at the same place and under the same name, with R. G. Wood and R. G. Wood, Jr., as partners. The notes upon which the judgment under review was rendered, though made after publication of the notice of dissolution, were renewal notes given by R. G. Wood, Jr., in lieu of notes for similar amounts made by the old firm before dissolution. The proceeding was by motion, and the notice was only served on M. H. Wood. The plaintiff had been a customer of the old firm, and the vital point in the case was whether or not he had actual notice or knowledge of the dissolution of the firm prior to the making and delivery of the renewal notes.

With respect to notice of the voluntary dissolution of a general partnership, a distinction is drawn between those who have previously dealt with the firm and those who have had no such dealings.

As was said by this court in *Dickinson* v. *Dickinson & Co.,* 25 Gratt. 321, at p. 329, "As to the former, it has been universally held that actual notice is indispensable. It must not be inferred, however, that special notice must be given

to each customer. If actual knowledge of the dissolution is brought home to the party, he will be concluded, although no notice whatever may have been given."

The doctrine is thus stated by Professor John B. Minor: "A partnership is not ended, in respect to strangers, merely by an agreement between the several partners to dissolve it. From existing debts and liabilities of the firm to third persons, the retiring partner is, of course, in no case exonerated by the dissolution; and even as to such as are contracted afterwards, he is responsible in cases of *voluntary* dissolution, unless he gives notice of the fact to the public by general advertisement in the newspapers or otherwise, and to the previous customers of the firm by special communication, as by circular or other similar mode. (Smith's Merc. Law, 33; Sto. Part., ss. 159, 334; *Parker* v. *Carruthers*, 3 Esp. 249; *Dickinson* v. *Dickinson*, 25 Gratt. 321.)" 3 Min. Inst., Pt. II, (2nd ed.) p. 888.

The publication in this instance in the *News-Leader* was not in itself notice to the plaintiff of the dissolution. And the only direct evidence on the subject was the testimony of the plaintiff, J. W. Jefferies, who said that he had no actual notice.

In this state of the record, it is not necessary to notice the assignments of error in relation to the giving and refusal of instructions, since the jury could not, even under proper instructions, have rightly found a different verdict. Burks' Pl. & Pr., sec. 267, p. 503; *Winfree* v. *Bank*, 97 Va. 83, 33 S. E. 375; *Southern Ry Co.* v. *Oliver*, 102 Va. 710, 47 S. E. 862; *Moore* v. *B. & O. R. Co.*, 103 Va. 189, 48 S. E. 887; *Schwalm* v. *Beardsley*, 106 Va. 407, 56 S. E. 135.

For the reasons stated the judgment should be affirmed.

*Affirmed.*