## Wytheville

### STRAUS V. FAHED AND OTHERS.

#### June 10, 1915.

1. EXCHANGE OF REAL ESTATE—*Equalization of Liens—Local Custom—Evidence—Parol Evidence to Vary Writing.*—Where two parties have exchanged real estate, each assuming existing liens on the property received by him, and deeds have been executed, delivered and accepted by the respective parties, and admitted to record, and the record discloses no element of fraud or mutual mistake in the negotiations, evidence of a local custom that, upon such an exchange, the liens on the property are to be equalized, is inadmissible. The deeds in such case are the final repository of the agreement of the parties and having expressly defined their rights and liabilities with respect to the liens, parol evidence is inadmissible to alter or vary their terms.

2. APPEAL AND ERROR—*Correct Verdict—Rulings on Instructions.*— Where the jury could not properly have found any other verdict than the one they did find, it is unnecessary for this court to consider the propriety of the rulings of the trial court in giving and refusing instructions.

Error to a judgment of the Law and Equity Court of the city of Richmond in an action of assumpsit. Judgment for the defendants. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Smith & Gordon* and *James F. Minor,* for the plaintiff in error.

*Isaac Diggs,* for the defendants in error.

80

Whittle, J., delivered the opinion of the court.

Arthur L. Straus, the plaintiff in error, brought assumpsit to recover of John and George E. Fahed, defendants in error, $2,367, which he alleged they assumed to pay in a contract of exchange of city lots to equalize the mortgages upon the respective properties. There was a verdict for the defendants, and we are asked to review the judgment rendered thereon.

The transaction between the parties was the equivalent in legal effect of mutual sales and purchases of real estate. The antecedent contract was fully consummated and merged in conveyances between the contracting parties. Straus caused lot No. 602 west Broad street in the city of Richmond to be conveyed to the Faheds, subject to a deed of trust of $12,000, which the grantees assumed to pay; and the Faheds, in consideration thereof, conveyed to Straus a lot on the west side of Eighth street, between Franklin and Grace streets (paying him a certain amount of cash in addition as boot), subject to two deeds of trust, one for $7,500 and the other for $6,867, the payment of which Straus assumed.

The record discloses no element of fraud or mutual mistake in the negotiations, and the deeds were executed, delivered and accepted by the respective parties in good faith and were admitted to record. In these circumstances, we are of opinion that there was no error in the ruling of the trial court excluding evidence of an alleged custom in the city of Richmond that, in an exchange of real estate, liens on the property are to be equalized, and also in refusing an instruction on that theory of the case. The deeds, which were the final repository of the agreement of the parties, expressly defined their rights and liabilities with respect to liens; and, therefore, upon familiar principles, contempo-

raneous parol evidence was inadmissible to alter or vary their terms.

This view of the case is conclusive, and since no other verdict than one for the defendants could properly have been sustained, it is unnecessary to notice the assignment of error in regard to giving and refusing other instructions. *Fields* v. *Virginian Ry. Co.*, 114 Va. 558, 77 S. E. 501.

The judgment complained of must be affirmed.

*Affirmed.*