## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### PERROW v. RIXEY.

June 8, 1916.

Absent, Cardwell, J.

1. BROKERS—*Revocation of Powers—"Coupled with an Interest."*—An agency to sell land, not "coupled with an interest" nor founded on a valuable consideration, may, ordinarily, be terminated at will by the principal, by giving notice in good faith and before the broker finds a purchaser. "Coupled with an interest" in this connection, means an interest in the land itself, as distinguished from the proceeds of it.

2. APPEAL AND ERROR—*Instructions—Verdicts.*—It is unnecessary for this court to consider objections to instructions made in the trial court, when no other verdict could have been found than the one that was found.

Error to a judgment of the Circuit Court of Culpeper county, in an action of assumpsit. Judgment for the defendent. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Waite, Perry & Jeffries* and *Bowers & Johnson,* for the plaintiff in error.

*Grimsley & Miller* and *Hiden & Bickers,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

Plaintiff in error brought assumpsit against the defendant in error to recover commission upon the fol-

lowing paper: "I hereby agree to sell that portion of my 'Richlands' farm to the west of the fence running from the county road to Rouss' farm to any purchaser brought tó me by B. F. Perrow, provided that said land nets me twenty-five dollars ($25.00) per acre cash and provided further that said sale is consummated within thirty days from date. This agreement made this 24th of July, 1914. John S. Rixey."

There was a verdict and judgment for the defendant, to which judgment this writ of error was granted.

The paper upon its face is unilateral, and not under seal, and does not express that it was made upon a valuable consideration. Nor is it "coupled with an interest," so far as Perrow is concerned. His compensation was wholly contingent upon his effecting a consummated cash sale of the land in excess of $25.00 per acre within thirty days from the date of the contract.

We are of opinion that the evidence shows that the principal, in good faith, revoked the agency of the broker before he found a purchaser. In these circumstances, the recognized general rule is that the principal, at pleasure, may recall the agent's authority.

Walker, in his late work, "The Law of Real Estate Agency," at sec. 15, observes: "ordinarily, unless a contract of employment is coupled with an interest or is given for a valuable consideration, the authority of the agent may be terminated at will by giving notice, subject only to the requirement that it be given in good faith, and before the broker finds a purchaser."

The text is sustained by decisions of courts of last resort throughout the Union, and the rulings of this court in analogous cases on option contracts are in harmony with the prevailing doctrine. *Cummins* v. *Beavers,* 103 Va. 230, 48 S. E. 841, 106 Am. St. Rep. 881, 1 Ann. Cas. 986; *Watkins* v. *Robertson,* 105 Va.

269, 54 S. E. 33, 7 L. R. A. (N. S.) 1910; *Stearns* v. *Goad,* 111 Va. 834, 69 S. E. 1101; *Carter* v. *Hook,* 116 Va. 812, 83 S. E. 386; See also Mechem on Agency (2nd ed.), secs. 563, 566, 567.

In the case of *Brown* v. *Pfarr,* 38 Cal. 550, a case very similar to the case in judgment, the court said: "We are unable to perceive how, under any circumstances, a mere limit as to the time allowed for the performance of a contract by agency to sell land can be construed into an agreement on the part of the principal not to revoke the power."

So also, the authorities dispose of the contention that this contract was irrevocable because "coupled with an interest."

In Fitch on Real Estate Agency, p. 48, it is said: "By a power coupled with an interest is meant that the agent or attorney has an interest in the land itself, as distinguished from the proceeds of it." Walker on the Law of Real Estate Agency, sec. 16; Marshall, C. J., in *Hunt* v. *Rousmanier,* 8 Wheat. 174, 5 L. Ed. 589.

The conclusion having been reached that the defendant in error, Rixey, was within his rights in revoking the agency of the plaintiff in error, before he produced a purchaser, it is not necessary to consider objections to the instructions, since, properly, there could have been no other result than a verdict for the defendant. *Hanger* v. *Com'th,* 107 Va. 872, at 875, 60 S. E. 67; *Fields* v. *Virginian R. Co.,* 114 Va. 558, 77 S. E. 501.

The case needs no further discussion, and the judgment is affirmed.

*Affirmed.*