# Richmond.

## CASEY V. WALKER AND MOSBY.

· March 21, 1918.

1. ASSUMPSIT—*When Action Lies.*—*Assumpsit* does not lie in any case except when damages are sought for the breach of a contract, express or implied.

2. AGENCY—*Revocation of Authority.*—If no term of service has been agreed upon, the principal may at any time revoke the authority of his agent, so far as it relates to things to be done and remaining unexecuted, unless the authority is coupled with an interest or conferred for a valuable consideration to the principal.

3. AGENCY—*Revocation of Authority—Power Coupled with an Interest.*—To constitute a power coupled with an interest, a property in the thing which is the subject of the agency or power, must be vested in the person to whom the agency, or power, is given, so that he may deal with it in his own name; such that, in the event of the principal's death, the authority could be exercised in the name of the agent. There must be an interest in the subject of the agency itself, and not a mere interest in the result of the execution of the authority. So an interest arising from commissions or the proceeds of a transaction is not an interest which will prevent revocation.

4. REAL ESTATE BROKERS—*Commissions on Rented Property—Sale of Property—Case at Bar.*—Defendant, the owner of real property, entered into a verbal contract of indeterminate duration with plaintiff, whereby plaintiff agreed to lease the property for defendant at a three per cent. commission. There was no express stipulation with reference to the collection of rent, yet, in point of fact, plaintiff effected a lease of the premises at $300 per month, which continued for sometime, and received the rent during the entire term, retaining the agreed commissions and paying over the residue to defendant. After the expiration of this lease, no new or different contract was made between plaintiff and defendant, but, with the latter's approval, a ten years lease of the premises was entered into between plaintiff and another lessee at the same rental, and plaintiff collected two months' rent from the new tenant from which he deducted commissions as usual and paid the balance to

59

defendant. The defendant then sold the property, thereby terminating plaintiff's agency. Plaintiff knew of defendant's intention to sell the property whenever a purchaser could be found, and interposed no objection when defendant informed him that he had given other agents an option to sell the property.

*Held:* That the original contract of employment not being for a fixed time, or the agency coupled with an interest, defendant could revoke the powers of plaintiff at will and without incurring liability in damages therefor.

Error to a judgment of the Corporation Court of the city of Lynchburg, in an action of assumpsit. Judgment for plaintiff. Defendants assign error.

*Reversed.*

The opinion states the case.

*Harrison & Long,* for the plaintiff in error.

*Easley & Coleman* and *Volney E. Howard,* for the defendants in error.

WHITTLE, P., delivered the opinion of the court.

In an action of *assumpsit,* the firm of Walker & Mosby, real estate agents, plaintiffs, recovered the judgment under review for $300 against James F. Casey, defendant.

There is no great conflict concerning the essential facts of the transaction out of which this litigation arose, though there is serious diversity of opinion between the parties with respect to their rights flowing therefrom. The material facts are these: Defendant was the owner of storehouse property located on Main street, in the city of Lynchburg, which in the year 1911 was unoccupied. At that time a verbal contract of indeterminate duration was entered into between the parties, whereby plaintiff agreed to lease the property for defendant on a three per cent. commission.

There was no express stipulation with reference to the collection of rents, yet, in point of fact, plaintiff effected a lease of the premises at $300 per month, which continued until April 30, 1913, and received the rents during the entire term, retaining the agreed commissions and paying over the residue to defendant. So that the contemporaneous construction placed upon the contract by the parties, as evidenced by their course of dealing, was that the duty of collecting the rents devolved upon plaintiff, and it regularly performed that service without questioning its obligation to do so.

After the expiration of the first lease, no new or different contract was made between plaintiff and defendant, but, with the latter's approval, a ten-years' lease of the premises was entered into between plaintiff and another lessee at the same rental, and plaintiff collected two months' rent from the new tenant from which it deducted commissions as usual and paid the balance to defendant. Then it was that defendant sold the property and parted with his domination over it, thereby terminating plaintiff's agency. The happening of that contingency was within the contemplation of the parties and understood by them when the contract of agency was entered into. Plaintiff knew from the time defendant first purchased the property that it was his purpose to sell it, and that he intended to do so whenever a purchaser could be found. With that object in view, the property was exclusively listed by defendant with plaintiff for sale for the first six months of his ownership; and afterwards, until it was finally sold, plaintiff, along with others, had authority to sell it. When defendant informed plaintiff that he had given other agents an option to sell the property, it interposed no objection; and not until after the sale had been consummated did plaintiff make known its contention that defendant was liable for commissions on rents thereafter accruing.

The declaration, in addition to the claim for commissions

on rents falling due since the sale, sets up a distinct demand for services alleged to have been rendered by plaintiff in connection with certain repairs made by defendant on the property at the instance of the new tenants. Nevertheless, as remarked, the rights and liabilities of the parties were wholly dependent upon and arose out of the original contract, and all services rendered by the plaintiff were in pursuance of its stipulations and within its contemplation and consideration. This appears from the evidence as construed by counsel for plaintiff, who say in their brief: "There was no agreement, or understanding, between them relative to the services to be performed by, or the compensation to be paid to, plaintiffs in connection with the new lease, and they proceeded as if the original agreement was still in force. The plaintiff, Walker, says so. The defendant in his testimony admits it."

In these circumstances, there can be no implied liability resting on defendant to pay this demand. The principle is elementary, that "*Assumpsit* does not lie in any case except when damages are sought for the breach of a contract, express or implied." Burks' Pl. & Pr., 120.

In light of these facts, the original contract of employment not being for a fixed time, or the agency coupled with an interest, defendant could revoke the powers of plaintiff at will and without incurring liability in damages therefor. "When no express or implied agreement exists that the agent shall be retained for a definite time, the power and the right of revocation coincide. Such employments are deemed to be at will merely, and may be terminated at any time by either party, without violating contract obligations or incurring liability. The law presumes that all general employments are thus at will merely, and the burden of proving employment for a definite time rests upon him who alleges it." Mechem on Agency (1 ed.), section 210.

"If no term of service has been agreed upon, the princi-

pal may at any time revoke the authority of his agent, so far as it relates to things to be done and remaining unexecuted, unless the authority is coupled with an interest or conferred for a valuable consideration to the principal. To constitute a power coupled with an interest, a property in the thing which is the subject of the agency or power, must be vested in the person to whom the agency, or power, is given, so that he may deal with it in his own name; such that, in the event of the principal's death, the authority could be exercised in the name of the agent. There must be an interest in the subject of the agency itself, and not a mere interest in the result of the execution of the authority. So an interest arising from commissions or the proceeds of a transaction is not an interest which will prevent revocation." 1 Am. & Eng. Ency. of Law (2d ed.), pp. 1216-17-18.

"A power of attorney to collect the rents from a farm on a certain commission may be revoked at the will of the principal, notwithstanding the fact that the agent has made advances under and upon the faith of it, the power not having been conferred as security for such advances, and the agent being under no legal obligation to make them. *Smith* v. *Dare*, 89 Md. 47, 42 Atl. 909. So a power of attorney to collect money for the principal, the attorney to receive as compensation one-half of the net proceeds, is not a power coupled with an interest, and is revocable. *Hartley's Appeal*, 53 Pa. 212, 91 Am. Dec. 207. An interest in the proceeds to arise as compensation for executing the power never makes it irrevocable, and a mere power is always revocable at will when it concerns the interest of the principal alone, even though there be an express declaration therein of irrevocability. *Blackstone* v. *Buttermore*, 53 Pa. 266." See also, *Perrow* v. *Rixey*, 119 Va. 192, 89 S. E. 101.

Having thus reached the conclusion that defendant was

within his rights in revoking plaintiff's agency by a sale of the property, it becomes unnecessary to consider assignments of error in relation to instructions predicated upon a different theory of the law of the case. *Hanger* v. *Commonwealth,* 107 Va. 872, 875, 60 S. E. 67; *Fields* v. *Virginian R. Co.,* 114 Va. 558, 77 S. E. 501; *Perrow* v. *Rixey, supra.*

For these reasons, the judgment must be reversed and the case remanded for a new trial (should plaintiff be so advised) in conformity with the views expressed in this opinion.

*Reversed.*