## Wytheville.

### STANDARD RED CEDAR CHEST COMPANY, INC., V. MONROE.

#### June 12, 1919.

1. MASTER AND SERVANT—*Child Labor Law—Proximate Cause of Injury—Acts 1914, p. 671—Violation of Statute Negligence per se.*—Under the act of the General Assembly approved March 27, 1914 (Acts 1914, p. 671), the employment of a child by a factory owner to work in his factory, with knowledge of the fact that he is within the prohibited age, is to be regarded *per se* as the proximate cause of an injury received by the child in the course of his employment. The object of a child labor statute is to preserve the lives and limbs of children, and where a child is knowingly employed contrary to the provisions of the statute and is injured in such employment, the employer is guilty of actionable negligence as matter of law. The unlawful hiring constitutes the causal connection between the violation of the act and the injury.

2. APPEAL AND ERROR—*Instructions—Harmless Error.*—Where the Supreme Court of Appeals can see from the entire record that under correct instructions no other verdict could have been rightly found, or that the party complaining could not have been prejudiced by the action of the trial court in giving or refusing instructions, it will not reverse the judgment and set aside the verdict, for error in giving or refusing instructions.

Error to a judgment of the Circuit Court of city of Lynchburg in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Harrison & Long,* for the plaintiff in error.

*Duncan Drysdale & L. Bradford Waters,* for the defendant in error.

WHITTLE, P., delivered the opinion of the court.

The defendant in error, an infant under the age of fourteen years, to-wit: of the age of twelve years, suing by his next friend, brought this motion against the plaintiff in error, the owner and operator of a factory for the manufacture of cedar chests, to recover damages for personal injuries suffered by him as an employee in defendant's factory.

The motion was brought under an act of the general assembly approved March 27, 1914, which, so far as pertinent to this case, provides as follows:

Section 1. "That * * * no child under the age of fourteen years shall be employed, permitted or suffered to work in any factory, workshop, mine, mercantile establishment, laundry, bakery, brick or lumber yard. * * *"

Sec. 6. "Any owner, superintendent, overseer, foreman or manager, who shall knowingly employ or permit any child to be employed contrary to the provisions of this act, in any factory, workshop, mercantile establishment or laundry, with which he is connected, or any parent or guardian, who allows any such employment of his child or ward, shall, upon conviction of such offense, be fined not less than twenty-five dollars nor more than one hundred dollars. * * * "

"Any employment contrary to the provisions of this act shall be *prima facie* evidence of guilt, both as to the employer and the parent or guardian of the child so employed." The act further provides that the circuit or corporation court, upon petition, etc., for good cause shown, may release a child between the ages of twelve and fourteen years from the operation thereof.    Acts 1914, p. 671.

The notice alleged the employment of the plaintiff by the defendant contrary to the provisions of the act; that the machinery in the factory was driven by steam power and electricity and was dangerous; that plaintiff was put to

work by his employer at a dangerous machine, known as a "planer," equipped with steel and iron wheels, cogs, pinions, circular knives and other dangerous agencies that revolve at a rapid rate of speed; that by reason of plaintiff's tender years and lack of skill and experience he was incapable of understanding, and did not understand, the dangers incident to working at and about the planer; that the defendant knew the dangerous character of the machine, but neglected to warn or instruct the plaintiff with respect to it; that after an employment of eight days' duration, during the temporary absence of the workman in charge of the planer, under whom plaintiff was working, the machine (not being in good order) became clogged or jammed, and the plaintiff, in his effort to remove the obstruction, had his hand caught in the machine and all the fingers and part of the thumb of his right hand were cut off.

Issue was joined by the defendant on this notice, and, upon conflicting evidence, the jury returned a verdict for the plaintiff and assessed his damages at $1,250. The case is before us upon a writ of error to a judgment sustaining that verdict.

Section 2900 of the Code provides, that "any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed, unless the same be expressly mentioned to be in lieu of such damages. And the damages so sustained, together with any penalty or forfeiture imposed for the violation of the statute, may be recovered in a single action of trespass on the case upon proper counts when the same person is entitled to both damages and penalty; provided, that nothing herein contained shall affect the existing statutes of limitation applicable to the foregoing causes of action, respectively."

The evidence shows that plaintiff was put to work by the defendant at the planer, his duty being to remove the boards from the planer and to shake them loose when they became clogged, and for that purpose his correct position was at the rear of the machine, while that of the workman in charge was at the front where the boards were fed to the machine. At the time of the accident the head workman had absented himself temporarily from his post of duty, leaving the machine running, and during his absence it became clogged. The plaintiff endeavored to dislodge the boards in the usual way, but was unable to do so; and in the dilemma in which he was placed by the absence of the workman, he went to the front of the machine and in his effort to remove the boards his hand was caught in the machinery, and he received the injuries of which he complains.

[1]   It thus appears that plaintiff was about the master's business and in the line of his employment when injured, if not within the literal scope of it.   To shield him from exposure to such dangers incident to his youth and inexperience was the obvious purpose of the act in absolutely prohibiting his employment and making it unlawful.   From the evidence adduced (certainly from the viewpoint of a demurrer by the defendant to the evidence) the jury were warranted in finding that at the time of his employment the plaintiff was under the age of fourteen years, and that the defendant knowingly employed or permitted him to be employed contrary to the express terms of the act.   In addition to the controlling influence of the demurrer to the evidence rule, the act declares that any employment contrary to its provisions shall be *prima facie* evidence of the guilt of the employer.   The question whether or not the employment of a child by the owner to work in his factory, with knowledge of the fact that he is within the prohibited age, is to be regarded *per se* as the proximate cause of an injury received by him in the course of such employment

is before us for the first time. In other jurisdictions, how-
ever, in such circumstances, under statutes substantially
similar to our own, the prevailing opinion is that the un-
lawful hiring of a child within the prohibited age as mat-
ter of law constitutes proximate cause.

The reason for the rule is very clearly stated in *Castell*
v. *Pittsburg Vitrified Paving, etc., Co.,* 83 Kan. 533, 112
Pac. 145, as follows: "The contention is also made that
there was no evidence that the violation of the statute was
the proximate cause of the plaintiff's injury. The jury was
justified in finding, and must be deemed to have found, that
the defendant unlawfully employed the plaintiff at an oc-
cupation that placed him in peril; that what happened was
one of the very things the statute was intended to prevent.
Such findings established the causal relation between the
disobedience of the statute and the plaintiff's injury."

The following authorities are in accord with the above
statement of rule: 48 L. R. A. (N. S.) 662, note; 21 Am.
& Eng. Ency. L. (2nd ed.) 480, 482; *Leathers* v. *Blackwell,
etc., Tobacco Co.,* 144 N. C. 330, 57 S. E. 11, 9 L. R. A. (N.
S.) 349; *Starnes* v. *Albion Mfg. Co.,* 147 N. C. 556, 61 S.
E. 525, 17 L. R. A. (N. S.) 602, 15 Ann. Cas. 470; *Sterling*
v. *Union Carbide Co.,* 142 Mich. 284, 105 N. W. 755; *Synes-
zewski* v. *Schmidt,* 153 Mich. 438, 116 N. W. 1107; *Braasch*
v. *Mich. Stove Co.,* 153 Mich. 652, 118 N. W. 366, 20 L. R.
A. (N. S.) 500; *Perry* v. *Tozer,* 90 Minn. 431, 97 N. W.
137, 101 Am. St. Rep. 416; *Chabot* v. *Pittsburg P. Glass
Co.,* 259 Pa. 504, 103 Atl. 283; *Norman* v. *Coal Co.,* 68 W.
Va. 405, 69 S. E. 857, 31 L. R. A. (N. S.) 504; *Griffith* v.
*Am. Coal Co.,* 78 W. Va. 34, 88 S. E. 595; *Swope* v. *Key-
stone Coal & Coke Co.,* 78 W. Va. 517, 89 S. E. 284, L. R.
A. 1917 A, 1128; *Iron & Wire Co.* v. *Green,* 108 Tenn. 161,
65 S. W. 399; *Casperson* v. *Michaels,* 142 Ky. 314, 134 S.
W. 200; *L., H. & St. L. Ry.* v. *Lyons,* 155 Ky. 396, 159 S.
W. 971, 48 L. R. A. (N. S.) 667; *Sharon* v. *Winnebago*

*Fur Co.,* 141 Wis. 185, 124 N. W. 299; *Stetz* v. *Mayer Boot, etc., Co.,* 163 Wis. 151, 156 N. W. 971, Ann. Cas. 1918 B, 675; *Am. Car & F. Co.* v. *Armentrout,* 214 Ill. 509, 73 N. E. 766; *Inland Steel Co.* v. *Yedinak,* 172 Ind. 423, 87 N. E. 229, 139 Am. St. Rep. 389; *Koester* v. *Rochester Candy Works,* 194 N. Y. 92, 87 N. E. 77, 19 L. R. A. (N. S.) 783, 16 Ann. Cas. 589; *Glucina* v. *Goss Brick Co.,* 63 Wash. 401, 115 Pac. 843, 42 L. R. A. (N. S.) 624; *Elk Cotton Mills* v. *Grant,* 140 Ga. 727, 79 S. E. 836, 48 L. R. A. (N. S.) 656, Ann. Cas. 1912 B., p. 803; 23 Am. & Eng. Ann. Cas. 1912 B, p. 803; 23 A. M. & Eng. Ann. Cas. 1912 B, p. 803. See also cases cited in note 5 Va. L. Reg. (N. S.) 368.

While the child labor statutes of the several States are not altogether uniform, the foregoing decisions recognize the fact that all have a common object, namely, to preserve the lives and limbs of children, and they steadfastly adhere to the underlying principle that where a child is knowingly employed contrary to the provisions of the statute and is injured in such employment, the employer is guilty of actionable negligence as matter of law. In other words, the **unlawful hiring** constitutes the causal connection between the violation of the act and the injury complained of.

[2] Exception was taken by the defendant to certain instructions granted by the court at the request of the plaintiff. The case, we think, comes within the influence of the well-settled rule in this jurisdiction that where the court can see from the entire record that under correct instructions no other verdict could have been rightly found, or that the party complaining could not have been prejudiced by the action of the trial court in giving or refusing instructions, it will not reverse the judgment and set aside the verdict. Burks' Pl. & Pr., sec. 267; *Moore* v. *B. & O. R. Co.,* 103 Va. 189, 48 S. E. 887; *Neal & Binford* v. *Taylor,* 106 Va. 651, 662, 56 S. E. 590; *Fields* v. *Virginian Ry. Co.,* 114

Va. 558, 77 S. E. 501; *Adams Express Co.* v. *Allendale,* 116 Va. 1, 81 S. E. 42, Ann. Cas. 1916 D, 894; *Wood* v. *Jeffries,* 117 Va. 193, 83 S. E. 1074; *Straus* v. *Fahed,* 117 Va. 633, 85 S. E. 969.

We find no error in the judgment, and it must be affirmed.

*Affirmed.*